UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=======================================X
ERIC MARION,                                                     Docket No.:

                     Plaintiff,

      -against-                                                          **COMPLAINT**

POUGHKEEPSIE CITY SCHOOL DISTRICT,
BRIAN COOK, individually and in his official
capacity, and NADINE DARGAN, individually
and in her official capacity,                                        **Plaintiff Demands a Trial By Jury**

                     Defendants.
=======================================X

      Plaintiff ERIC MARION, by and through his attorneys, The Russell Friedman Law Group, LLP, complaining of Defendants POUGHKEEPSIE CITY SCHOOL DISTRICT, BRIAN COOK, individually and in his official capacity, and NADINE DARGAN, individually and in her official capacity (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

      1.     This action arises under Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. § 2000e *et seq.* and the New York State Human Rights Law, N.Y. Executive Law § 296 ("NYSHRL") *et seq.*, seeking to redress discrimination against Plaintiff in his employment by Defendants due to his race and color, retaliating against Plaintiff for reporting such discrimination, and for conducting, aiding, abetting, inciting, compelling, or coercing discriminatory and retaliatory actions forbidden by NYSHRL against him for complaining about that discrimination.

## JURISDICTION AND VENUE

      2.     Jurisdiction of this Court is proper under 42 U.S.C. § 2000e and 28 U.S.C. §§ 1331 and 1343.

1

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because this is the District in which the unlawful employment practices occurred and where the relevant employment records are/were created, maintained, and administered.

4. This Court has supplemental jurisdiction over Plaintiff's New York State law claims pursuant to 28 U.S.C. § 1367 as they are so related and intertwined with the original federal question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

5. At all relevant times, Plaintiff ERIC MARION ("Marion" or "Plaintiff") was a black, male, United States citizen residing in Orange County, New York.

6. At all relevant times, Defendant POUGHKEEPSIE CITY SCHOOL DISTRICT ("PCSD") was a municipal corporation organized and existing under the laws of the State of New York with a principal place of business at 18 South Perry Street, Poughkeepsie, New York.

7. At all relevant times, Defendant BRIAN COOK ("Cook") was a white male employed by PCSD as a Network Administrator, who is being sued herein in his individual and official capacity.

8. At all relevant times, Defendant NADINE DARGAN ("Dargan") was employed by PCSD as a Supervisor with the authority to control the terms and conditions of Plaintiff's employment, and who is being sued herein in her individual and official capacity.

## ADMINISTRATIVE AND PROCEDURAL HISTORY

9. On or about October 18, 2021, Plaintiff filed a Charge against PCSD with the Equal Employment Opportunity Commission ("EEOC") relating to the subject matter of this lawsuit.

10. On January 23, 2023, the EEOC determined it would take no further action relating to Plaintiff's charge and issued him a Right to Sue letter.

## STATEMENT OF FACTS

11. Plaintiff was employed by Defendant PCSD as a Technology Support Specialist beginning on or about February 11, 2021 until his unlawful termination on September 10, 2021.

12. Throughout this time, Plaintiff, the only black man employed by Defendants, was subjected to discriminatory and racist comments on numerous occasions by Cook.

13. On or about May 15, 2021, Cook loudly stated "We want the white one, not the colored one" in the presence of Plaintiff and one or more of his co-workers.

14. On or about May 23, 2021, Cook stated "That colored one, one is dark, one is light, that one is the colored one" in the presence of Plaintiff and one or more of his co-workers.

15. On at least two other occasions, Cook yelled "White lives matter, all lives matter" while looking directly at Plaintiff in the presence of one or more of his co-workers.

16. On these and other occasions throughout Plaintiff's employment by Defendants, Cook made these racist statements aggressively and directed them to Plaintiff.

17. Cook's repeated, racist comments caused Plaintiff to suffer severe emotional distress and fear for his safety.

18. Due to this unrelenting campaign of racial discrimination and harassment, Plaintiff reported Cook to Dargan, who scheduled a face-to-face meeting with Plaintiff and Cook on or about May 24, 2021. During the meeting, Cook stated that Plaintiff was being unnecessarily emotional.

19. After that meeting, Cook immediately proceeded to point to access points on the walls, calling them "colored" or "dark" in reference to Plaintiff.

20. On or about August 2, 2021, Plaintiff informed Defendants' Human Resources department "HR" of the continued racist remarks and hostile work environment to which he was subjected. Plaintiff was advised by HR to put his complaints in writing, which he did the same day, and was informed the matter would be investigated.

21. On or about August 3, 2021, Plaintiff received an email from Dr. Timothy Wade, Assistant Superintendent of Administrative services, also employed by PCSD, stating "Clearly this is not working out. I recommend that we develop an exit strategy for you. I believe that if you give notice for September 1, 2021 then you will have time to look for another position. If you choose not to resign, we will communicate with you an end date."

22. During a follow-up meeting Plaintiff had with Dargan to discuss the email, Plaintiff was told in sum and substance that he "did not have to be an angry black man."

23. On or about August 26, 2021, Plaintiff received a letter from Defendants stating he was being placed on administrative leave and that his last day of employment would be on September 10, 2021.

## AS AND FOR A FIRST CAUSE OF ACTION:
### Race Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964

24. Plaintiff repeats, re-iterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

25. At all relevant times, Defendants' acts, practices, and policies described constituted intentional discrimination against Plaintiff on the basis of his race and color in violation of 42 U.S.C. § 2000e *et seq*.

26. By virtue of Cook's and/or Dargan's employment with PCSD and their actions within the scope of their employment, PCSD is liable for Cook's and/or Dargan's actions under a theory of *respondeat superior*.

27. As a direct and proximate consequence of Defendants' unlawful conduct described herein, Plaintiff has suffered loss of past income and pension benefits, loss of future income and pension benefits, and other forms of compensation including, but not limited to, past and future salary increases and other emoluments of employment, emotional distress and suffering, mental anguish, and other nonpecuniary losses in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

### AS AND FOR A SECOND CAUSE OF ACTION: Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964

28. Plaintiff repeats, re-iterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

29. At all relevant times, Defendants' acts, practices, and policies complained of herein constitute severe and pervasive harassment on the basis of Plaintiff's race and color which created a hostile work environment in violation of 42 U.S.C. § 2000e *et seq*.

30. As a direct and proximate consequence of Defendants' unlawful conduct described herein, Plaintiff has suffered a loss of past income and pension benefits, loss of future income and pension benefits, and other forms of compensation including, but not limited to, past and future salary increases and other emoluments of employment, emotional distress and suffering, mental anguish, and other nonpecuniary losses, all to Plaintiff's damage in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR A THIRD CAUSE OF ACTION:**
**Retaliation in Violation of**
**Title VII of the Civil Rights Act of 1964**

31. Plaintiff repeats, re-iterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

32. At all relevant times, Plaintiff engaged in protected activity by lodging one or more complaints of discrimination/hostile work environment with Defendants based on his race and color.

33. At all relevant times, Defendants were on notice of Plaintiff's protected activity at, around, or shortly after Plaintiff made the complaints. Defendants failed to investigate and remedy Plaintiff's complaints as the discrimination continued unabated.

34. On or about August 26, 2021, Plaintiff was placed on administrative leave and subsequently terminated from his employment, effective September 10, 2021, in retaliation for his complaints of discrimination.

35. At all relevant times, Defendants' acts, practices, and policies complained of herein constitute unlawful retaliation against Plaintiff for engaging in protected activity in violation of 42 U.S.C. § 2000e *et seq*.

36. Defendants' actions complained of herein would dissuade an individual of reasonable fitness of character from making or supporting a claim of civil rights violations and would have an overall chilling effect on the rights of others in the same situation.

37. As a direct and proximate consequence of Defendants' unlawful conduct complained of herein, Plaintiff has suffered loss of past income and pension benefits, loss of future income and pension benefits, and other forms of compensation including, but not limited to, past

and future salary increases and other emoluments of employment, emotional distress and suffering, mental anguish, and other nonpecuniary losses all to Plaintiff's damage in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION:
### Race Discrimination in Violation of
### New York State Human Rights Law

38. Plaintiff repeats, re-iterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

39. At all relevant times, Defendants' acts, practices, and policies complained of herein constitute intentional discrimination against Plaintiff on the basis of his race and color in violation of New York Executive Law § 296 *et seq*.

40. At all relevant times, Defendants conspired to commit and aided and abetted the discriminatory and retaliatory conducts described herein.

41. As a direct and proximate consequence of Defendants' unlawful conduct complained of herein, Plaintiff has suffered loss of past income and pension benefits, loss of future income and pension benefits, and other forms of compensation including, but not limited to, past and future salary increases and other emoluments of employment, emotional distress and suffering, mental anguish, and other non- pecuniary losses all to Plaintiff's damage in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR A FIFTH CAUSE OF ACTION:**
**Hostile Work Environment in Violation of**
**New York State Human Rights Law**

42. Plaintiff repeats, re-iterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

43. At all relevant times, Defendants' acts, practices, and policies complained of herein created a hostile work environment in violation of New York Executive Law § 296, *et seq*.

44. At all relevant times, Defendants conspired to commit and aided and abetted the discriminatory conducts complained of herein by encouraging, condoning, and/or approving such behavior.

45. As a direct and proximate consequence of Defendants' unlawful conduct complained of herein, Plaintiff has suffered loss of past income and pension benefits, loss of future income and pension benefits, and other forms of compensation including, but not limited to, past and future salary increases and other emoluments of employment, emotional distress and suffering, mental anguish, and other nonpecuniary losses all to Plaintiff's damage in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

**AS AND FOR A SIXTH CAUSE OF ACTION:**
**Retaliation in Violation of**
**New York State Human Rights Law**

46. Plaintiff repeats, re-iterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

47. At all relevant times, Plaintiff engaged in protected activity by lodging one or more complaints with Defendants of discrimination and hostile work environment based on his race and color.

48. At all relevant times, Defendants were on notice of Plaintiff's protected status and activity at or about the time Plaintiff lodged the aforementioned complaints. Defendants failed to investigate and remedy Plaintiff's multiple complaints and the discrimination against him continued unabated.

49. On or about August 26, 2021, Plaintiff was placed on administrative leave and was terminated from his employment, effective September 10, 2021, in retaliation for his complaints of discrimination.

50. At all relevant times, Defendants' acts, practices, and policies complained of herein constituted unlawful retaliation against Plaintiff for engaging in protected activity in violation of New York Executive Law § 296 *et seq*.

51. Defendants' actions would dissuade an individual of reasonable strength of character from making or supporting a claim of violation of civil rights and would have an overall chilling effect on the assertion of those rights.

52. At all relevant times, Defendants conspired to commit and aided and abetted the discriminatory conduct complained of herein by encouraging, condoning, and/or approving that behavior.

53. As a direct and proximate consequence of Defendants' unlawful conduct as described above, Plaintiff has suffered loss of past income and pension benefits, loss of future income and pension benefits, and other forms of compensation including, but not limited to, past and future salary increases and other emoluments of employment, emotional distress and suffering,

mental anguish, and other non-pecuniary losses all to Plaintiff's damage in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ERIC MARION respectfully requests judgment against Defendants as follows:

A. Under the First Cause of Action, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages and attorney's fees;

B. Under the Second Cause of Action, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages and attorney's fees;

C. Under the Third Cause of Action, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages and attorney's fees;

D. Under the Fourth Cause of Action, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages and attorney's fees;

E. Under the Fifth Cause of Action, in the amount of ONE MILLION DOLLARS ($1,000,000.00) plus punitive damages and attorney's fees;

F. For the costs and disbursements of the within action; and

G. Such other and further relief as the Court deems necessary, just, and proper.

Dated: Garden City, New York
April 21, 2023

           Respectfully submitted,
           **THE RUSSELL FRIEDMAN LAW GROUP, LLP**
           *Attorneys for Plaintiff, Eric Marion*

     By:   /s/*Neil Flynn*
           Neil Flynn, Esq.
           400 Garden City Plaza, Suite 500

Garden City, New York 11530
Ph: 516.355.9696
scarlin@rfriedmanlaw.com